Kesha A. Hodge, #021824
Hodge@poliball.com
Poli & Ball, P.L.C.
2999 North 44th Street, Suite 500
Phoenix, Arizona 85018
Tel:  (602) 840-1400
Fax:  (602) 840-4411

Attorneys for Plaintiff FarmaSea Health, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| FarmaSea Health, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Maine Coast Sea Vegetables, Inc.,<br><br>　　　　　Defendant. | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

COMES NOW FarmaSea Health, LLC ("Plaintiff") as and for its Complaint against Maine Coast Sea Vegetables, Inc. ("Defendant"), states and alleges as follows:

**PARTIES**

1. Plaintiff is an Arizona limited liability company having a principal place of business at 5450 E. High St. Ste 300, Phoenix, AZ 85054.

2. Defendant is a Maine corporation having a principal place of business at 3 George's Pond Rd, Franklin, ME 04634.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338, and 1367. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, Arizona Revised Statutes ("A.R.S") section 44-1521, *et seq.*, and Arizona common law.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the conduct that forms the basis of the claims occurred in whole or in part in this judicial district.

5. Defendant have sold and offered to sell the infringing products throughout the United States, including Arizona. Without limitation, Defendants' infringing products, more specifically described in Paragraph 10, were sold and available for sale in a Whole Foods supermarket in Phoenix, Arizona on or about December 1, 2010. Upon information and belief, the infringing products continue to be sold and available for sale through distribution networks located in and/or serving Arizona.

6. Defendant operates a commercially interactive website, which allows customers to purchase its infringing products. In fact, one of testimonial on its website is from an Arizona resident.

## FACTS

7. Plaintiff is and has always been engaged in the business of making and selling products containing sea plants. In 1985, Scott Kennedy founded Sea Veg, USA. Sea Veg, USA was a distribution company that sold blends of sea plants manufactured by others in tablet form and as whole products. Sea Veg, USA distributed, among others, Defendant's product. In 1999, Scott Kennedy developed his own proprietary blend of sea plants. FarmaSea® Inc. was formed the same year to manufacture, market, and distribute this new nutritional supplement. FarmaSea Health, LLC was formed in 2004.

8. Plaintiff's proprietary dietary supplement has been sold nationwide under the SEA VEG®, SEA VEGG®, and SUPER SEA VEG® marks (collectively the "SEA VEG® Marks") since at least as early as September 1999. Plaintiff's dietary supplement was or is available through a variety of retail outlets; including, GNC, Albertson's, CVS Drugs, Longs Drugs, Wal Mart, Costco, and privately owned health food stores. And Plaintiff's dietary supplement sold under the SEA VEG® Marks has received numerous,

unsolicited endorsements from people that have used it. In 2005, Mr. Kennedy's televised infomercial was the eighteenth (it went to number 2 and settled at number 18 for the year) most popular infomercial due, in part, to the significant investment made to promote Plaintiff's dietary supplement. About $21 million dollars was spent on television advertising for Plaintiff's proprietary dietary supplement sold under the SEA VEG® Marks. About $500,000 has been spent on radio advertising and about $100,000 has been spent on print, Internet search engine optimization, and other miscellaneous promotional expenses for Plaintiff's proprietary dietary supplement sold under the SEA VEG® Marks.

9. In addition to its underlying common law rights in the SEA VEG® Marks, Plaintiff is the owner of many United States trademark registrations that consist of or comprise the SEA VEG® brand name and mark. Plaintiff owns the following federal registrations for or containing SEA VEG®:

| Exhibit | Mark | Status | Goods/Services |
|---|---|---|---|
| A | [Sea Veg logo] | Registration No. 3,111,163 | Nutritional food supplement comprised of sea vegetation |
| B | SUPER SEA VEG | Registration No. 3,795,447 | Dietary supplements |
| C | SEA VEG | Registration No. 3,786,694 | Dietary supplements |
| D | [Sea Veg logo] | Registration No. 2,842,682 | Sea Vegetation dietary supplements |
| E | [Sea Vega logo] | Registration No. 3,076,484 | Sea Vegetation dietary supplements |

POLI & BALL, P.L.C.
2999 NORTH 44TH STREET, SUITE 500
PHOENIX, ARIZONA 85018
(602) 840-1400

| Exhibit | Mark | Status | Goods/Services |
|---|---|---|---|
| F | SEA VEGG SUPREME | Registration No. 3,437,730 | Dietary supplement containing nutrients from the ocean or sea |

Attached as Exhibits A through F are true and correct copies of the Certificates of Registrations for the above referenced marks.

10. Defendant is using the identical SEA VEG mark without Plaintiff's authorization or consent in connection with the sale of a sea plant based product:



11. At least as early as 1997, Defendant was aware of Plaintiff's use of the mark SEA VEG® in connection with the sale and distribution of blends of sea plants manufactured by others, including Defendant, in capsule form and as whole products, and by 1999 Plaintiff's manufacture, marketing, and sale of its own proprietary blend of sea plants under the SEA VEG® mark.

4

12. In 1997, Scott Kennedy, then owner of Sea Veg, USA, interviewed Shepard B. Erhart, Defendant's owner, for his radio show "The Nature of Health" in Las Vegas, NV. Mr. Erhart asked Mr. Kennedy on live radio "have you registered the Sea Veg domain yet?" Mr. Kennedy replied that he hadn't but was planning to soon, and that he had been using to mark SEA VEG for 14 years. Mr. Erhart said he thought the name "was clever." After Mr. Erhart's interview with Mr. Kennedy on February 14, 1997, Defendant registered the <seaveg.com> domain name. Attached as Exhibit G is a true and correct copy the screen shot for the Web site located at the <seaveg.com> domain. With the exception of Defendant's infringing product, no where does the mark SEA VEG appear on Defendant's Web site, nor has it ever been used on Defendant's Web site or literature, except as part of the domain name, prior to the present unauthorized use of SEA VEG in connection with Defendant's sea seasoning product. When Plaintiff contacted Mr. Erhart requesting he transfer it back to Plaintiff, Mr. Erhart disingenuously said "we thought of that <seaveg.com> domain when we were all sitting around in our warehouse."

13. Upon information and belief, Defendant registered the <seaveg.com> domain with knowledge of Plaintiff's trademark rights in the SEA VEG® mark, and with the intent to trade off Plaintiff's goodwill in the SEA VEG® mark and deprive Plaintiff of the opportunity to reflect its SEA VEG® mark in the most popular top-level domain name.

14. Despite having actual notice of Plaintiff's trademark rights in the SEA VEG® Marks and Plaintiff's repeated requests that Defendant cease the unauthorized use of SEA VEG®, Defendant continues to use Plaintiff's SEA VEG® mark on its sea plant based product and as its domain name.

POLI & BALL, P.L.C.
2999 NORTH 44TH STREET, SUITE 500
PHOENIX, ARIZONA 85018
(602) 840-1400

# COUNT I

## Trademark Infringement

### (Lanham Act § 32, 15 U.S.C. § 1114)

15. Plaintiff restates and incorporates by reference the allegations in Paragraphs 1-14.

16. Defendant's unauthorized use of the SEA VEG mark in connection with a sea plant based product is likely to cause confusion, cause mistake, and deceive as to the affiliation, connection, or association of Defendant with Plaintiff as to the origin, sponsorship, or approval of Defendant's good by Plaintiff. This use of SEA VEG constitutes trademark infringement under 15 U.S.C. § 1114.

17. Plaintiff has priority to use its SEA VEG® Marks.

18. Notwithstanding Plaintiff's well-known, prior common law and statutory rights in the SEA VEG® Marks, Defendants adopted, used, and are continuing to use the identical SEA VEG mark in connection with a sea plant product with actual or constructive knowledge of Plaintiff's prior use and registration of the SEA VEG® mark in connection with closely related goods. Upon information and belief, Defendant continues to use the SEA VEG mark with the intent to confuse and deceive consumers and to unjustly enrich Defendant at the expense of the public and Plaintiff.

19. Defendant's use of the SEA VEG mark is without license, approval, or consent of Plaintiff. As a result, Plaintiff is unable to control the nature and quality of the goods offered by Defendant under the infringing SEA VEG mark.

20. Defendant's use of the mark SEA VEG is likely to cause confusion, cause mistake, and deception as to the affiliation, connection, or association of Defendant with Plaintiff as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff. This use of SEA VEG constitutes trademark infringement under 15 U.S.C. § 1114.

POLI & BALL, P.L.C.
2999 NORTH 44TH STREET, SUITE 500
PHOENIX, ARIZONA 85018
(602) 840-1400

21. Defendant's unlawful actions have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined.

22. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff. Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but in an amount to be determined at trial. Moreover, because of Defendant's knowledge of Plaintiff's prior rights in the identical SEA VEG® mark, this case is exceptional and Plaintiff is entitled to attorneys' fees and treble damages.

## COUNT II

### Federal Unfair Competition

### (Lanham Act § 43(a); 15 U.S.C. § 1125(a))

23. Plaintiff restates and incorporates by reference the allegations in Paragraphs 1-14 and 16-22.

24. Defendant's use of SEA VEG is a false designation of origin, false or misleading description of fact, and a false or misleading representation of fact.

25. Defendant's use of SEA VEG is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

26. Defendant's unlawful actions have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined.

27. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff. Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT III

### Arizona Consumer Fraud Act

### (A.R.S. § 44-1521)

28. Plaintiff restates and incorporates by reference the allegations in Paragraphs 1-14, 16-22, and 24-27.

29. Defendant's unauthorized use of the SEA VEG mark in connection with a sea plant based product constitutes a deceptive business practice used in connection with the sale of merchandise.

30. Upon information and belief, Defendant is using the SEA VEG mark with the intent that consumers believe Defendant's sea seasoning is affiliated, connected, or associated with Plaintiff.

31. Defendant's unlawful actions have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined.

32. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff. Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT IV

### Common Law Unfair Competition

33. Plaintiff restates and incorporates by reference the allegations in Paragraphs 1-14, 16-22, 24-27, and 29-32.

34. Defendant's unauthorized use of the SEA VEG mark in connection with a sea plant based product constitutes unfair competition under the common law.

35. Defendant's unlawful actions have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined.

POLI & BALL, P.L.C.
2999 NORTH 44TH STREET, SUITE 500
PHOENIX, ARIZONA 85018
(602) 840-1400

36. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff. Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT V

### Cybersquatting

### (Lanham Act § 43(d), 15 U.S.C. § 1125(d))

37. Plaintiff restates and incorporates by reference the allegations in Paragraphs 1-14, 16-22, 24-27, 29-32, and 34-36.

38. Defendant has a bad faith intent to profit from Plaintiff's SEA VEG® mark.

39. Defendant registered and is using the <seaveg.com> domain without Plaintiff's consent.

40. Defendant knew about Plaintiff's prior rights in its SEA VEG® mark before registering the <seaveg.com> domain name. Mr. Erhart said in an e-mail dated January 28, 2002:

> I do admit that our decision to use seaveg.com was undoubtedly influenced by multiple factors – and my interview with you was probably one of them. As you know, no creative process is without outside influences . . . Why would I have bothered to ask you if seaveg.com was registered if I planned to steal it?

41. The <seaveg.com> domain is identical to Plaintiff's SEA VEG® mark.

42. Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff. Plaintiff is entitled to the maximum amount of statutory damages, $100,000, for Defendant's bad faith registration and use of the <seaveg.com> domain.

**WHEREFORE**, Plaintiff prays that the Court enter judgment:

1. In favor of Plaintiff and against Defendant on all of Plaintiff's claims;

9

2. Enjoining and restraining Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or participation with Defendant, during the pendency of this action and thereafter permanently from:

    A. Doing business under the name SEA VEG or any other confusingly similar variation thereof;

    B. Using the mark SEA VEG or any confusingly similar designation alone or in combination with other words or designs, as a trademark, trade name component or otherwise, to market, advertise, or identify products and services not produced or authorized by Plaintiff;

    C. Otherwise infringing Plaintiff's SEA VEG® Marks;

    D. Unfairly competing with Plaintiff in any manner whatsoever;

    E. Causing likelihood of confusion or injury to business reputation of the distinctiveness of Plaintiff's marks, symbols, labels, or forms of advertisement;

    F. Causing likelihood of confusion or injury to business reputation of the distinctiveness of Plaintiff's SEA VEG® Marks, symbols, labels, or forms of advertisement;

    G. Using in any manner the phrase "SEA VEG" or any confusing variation thereof in connection with any advertisement or promotion;

    H. Transferring the <seaveg.com> domain, free of charge, to Plaintiff and removing all references to SEA VEG from its Web site; and

    I. Committing any other act or making any other statement that infringes Plaintiff's trademarks or service marks or constitutes an act of trademark or service mark infringement, contributory infringement, trademark dilution, or unfair competition under federal common law or Arizona state law.

POLI & BALL, P.L.C.
2999 NORTH 44TH STREET, SUITE 500
PHOENIX, ARIZONA 85018
(602) 840-1400

3. Requiring Defendant to permanently remove or cause to be permanently removed, the SEA VEG designation from their place of business.

4. Requiring Defendant to deliver up, or cause to be delivered up, for destruction all labels, sign, prints, packages, wrappers, containers, receptacles, advertisements, and all other materials in the possession or control of Defendant that infringe Plaintiff's SEA VEG® Marks;

5. Requiring Defendant to account for and pay over to Plaintiff the Defendant's profits and all damages sustained by Plaintiff;

6. Requiring Defendants to pay over to Plaintiff the amount of $100,000 for the bad faith registration and use of the <seaveg.com> domain;

7. Trebling the amount of damages awarded Plaintiff pursuant to 15 U.S.C. §§ 1114 and 1117;

8. Awarding Plaintiff its attorneys' fees, costs, and expenses pursuant to 15 U.S.C. §§ 1114 and 1117; and

9. Awarding Plaintiff such other relief as the Court may deem just and equitable.

DATED this 6th day of December 2010.

POLI & BALL, P.L.C.

By /s/ Kesha A. Hodge, SBN 021824
    Kesha A. Hodge
    2999 North 44th Street, Suite 500
    Phoenix, Arizona  85018
    Attorneys for Plaintiff FarmaSea Health, LLC